IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANTONE LEON TAYLOR                                                                    PLAINTIFF

       v.                      Civil No. 1:13-cv-01003

SHERIFF MIKE MCGOUGH;
LT. JAMES GREER; WHITNEY FOSTER;
and JAILER COMBS                                                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Antone Taylor filed this case *pro se* pursuant to 42 U.S.C. § 1983 on January 8, 2013. ECF No. 1. Now before the Court is Plaintiff's Motion to Dismiss. ECF No. 29.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

I.    BACKGROUND

In his Amended Complaint Plaintiff named Jailer Combs as a Defendant. ECF No. 11. On June 13, 2013, the Court issued summons for Jailer Combs. ECF No. 12. On July 17, 2013, the summons for Jailer Combs was returned unexecuted with a note by the U.S. Marshal that Jailer Combs was deceased. ECF No. 18. Subsequently, the Court issued an Order directing Plaintiff he had ninety (90) days to file a motion for substitution to substitute a representative for the individual capacity claims he asserted against Jailer Combs. ECF No. 24. The Court also noted in this Order that Sheriff McGough (already a named Defendant) would be substituted for

Plaintiff's official capacity claims against Jailer Combs. ECF No. 24. Plaintiff failed to respond and the Court issued a Show Cause Order. ECF No. 26. Plaintiff responded to the Show Cause Order noting he was not aware Jailer Combs was deceased and requesting Jailer Combs be dismissed from this action. Specifically, Plaintiff states: "I wish to drop my claim against Jailer Combs. I do not wish to further proceed with any claim against him." ECF No. 29, p. 1. Defendants did not respond to Plaintiff's motion to dismiss Jailer Combs from this action.

## II.     APPLICABLE LAW

The Federal Rules of Civil Procedure provide an avenue for parties to voluntarily dismiss claims without prejudice. Specifically, a Plaintiff "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . ." Fed. R. Civ. P. 41(a)(i). Voluntary dismissal under Rule 41(a)(1) is without prejudice unless the notice states otherwise or the plaintiff has previously dismissed an action including the same claim in any other court. *Id.* In ordinary civil cases, a notice of dismissal that complies with this rule operates as a matter of right upon notice to the court, and permission of the court is not required. *Safeguard Business Sys., Inc. v. Hoeffel,* 907 F.2d 861, 863 (8th Cir.1990).

## III.    DISCUSSION

Here, the Court interprets Plaintiff's Motion to Dismiss as a Notice of Voluntary Dismissal. Jailer Combs, or his representative, have not been served or filed an Answer in this matter. Therefore, Plaintiff may voluntarily dismiss Jailer Combs at this stage as a matter of right. *Safeguard,* 907 F.2d at 863. Further, as Plaintiff has specifically indicated he does not wish to pursue "any claim against him," the Court presumes Plaintiff requests both the official and individual claims asserted against Jailer Combs be dismissed. Accordingly, I recommend Plaintiff's official

2

and individual capacity claims against Jailer Combs be dismissed without prejudice and Jailer Combs be dismissed from this action pursuant to Plaintiff's Motion to Dismiss and Federal Rule of Civil Procedure 41(a)(i).

## IV.     CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Motion to Dismiss (ECF No. 29) be **GRANTED** and Jailer Combs be dismissed without prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 7th day of August 2014.**

>            /s/ Barry A. Bryant
> HON. BARRY A. BRYANT
> UNITED STATES MAGISTRATE JUDGE